UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMIE CISNEVAS-GARCIA
    a/k/a Cisneros Garcia,
    a/k/a Jaime Cisneros-Garcia,                    9:10-CV-179
                                                            (FJS/RFT)

                            **Plaintiff,**

                     v.

ROY SHIPMAN, Case Counselor; L. DOUD,
Counsel Supervisor; JOHN DOE, Educ. Supervisor;
and JOHN DOE, Onondaga County Commissioner,

                            **Defendants.**

_____

APPEARANCES

**JAMIE CISNEVAS-GARCIA**
    a/k/a Cisneros Garcia,
    a/k/a Jaime Cisneros-Garcia
**#14192**
Cayuga County Jail
7445 County House Road
Auburn, New York 13021
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      The Clerk of the Court has sent Plaintiff Jamie Cisnevas-Garcia's complaint to the Court for its review, along with Plaintiff's motions for appointment of counsel, an investigator, and a translator, and his requests to stay deportation, set a trial date, and schedule oral argument. Plaintiff, who is currently confined at Cayuga County Jail, seeks leave to proceed *in forma pauperis* and has not paid the filing fee in this action.

## II. DISCUSSION

A.   *In forma pauperis* application and sufficiency of the complaint

After reviewing the information that Plaintiff provided in his *in forma pauperis* application, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*. Therefore, the Court must now consider the sufficiency of the allegations that Plaintiff has set forth in his complaint in light of 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see also* 28 U.S.C. § 1915A.[1] Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, . . . [filing of baseless lawsuits and the] waste of judicial resources. . . ." *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (internal citations omitted).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense'" and determine whether the doctrine of res judicata is applicable.  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**B.     Plaintiff's claims**

In his complaint, Plaintiff seeks redress for the alleged violation of his right to access the courts. Plaintiff states that he "is a federal inmate in need for information of federal law." *See* Dkt. No. 1 at 2. According to Plaintiff, his access to the law library at the Onondaga County Correctional Facility, where he was confined when he commenced this action, was extremely limited. *See id.*[3] Plaintiff states that he has "two open cases, [ ] 09-2406 and 8:09-CR-0385," and claims that he "has in fact been denied his constitutional right to access to the courts." *See id.* Plaintiff seeks injunctive relief and compensatory damages. *See id.* at 4.

At the outset, the Court notes that Plaintiff identifies this action as one arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"). *See* Dkt. No. 1 at 1. The FTCA constitutes a waiver of the Government's sovereign immunity from suit for claims of property damage or personal injury caused by the "negligent or wrongful act or omission" of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).[4] Claims against the government must be presented to the appropriate federal agency for resolution prior to seeking judicial relief. *See* 28 U.S.C. § 2675(a).

Here, Plaintiff's claims regarding his access to the courts during his confinement in a

---

[3] Plaintiff is presently confined in the Cayuga County Jail. *See* Dkt. No. 7. As discussed below, Plaintiff claims that the law library at that facility is also constitutionally deficient and that he has been afforded only limited access to the law library.

[4] The only proper defendant to an action under the FTCA is the United States. *See Watts v. U.S. Fed. Bureau of Prisons*, No. 9:07-CV-773, Report-Recommendation, 2009 WL 81285, *4 & n.11 (N.D.N.Y. Sept. 30, 2008) (citing cases), *adopted,* 2009 WL 81285, *1 (N.D.N.Y. Jan. 9, 2009). Accordingly, FTCA actions brought against federal agencies such as the Bureau of Prisons are subject to dismissal for lack of jurisdiction. *See id.* (citations omitted).

county jail, asserted against three individuals identified as employees of Onondaga County, are not cognizable under the FTCA. However, reading the complaint in the light most favorable to Plaintiff and with due regard to his status as *a pro se* litigant, the Court has considered whether the allegations of the complaint are sufficient to state a claim pursuant to 28 U.S.C. § 1983 for the alleged violation of Plaintiff's Sixth Amendment right to access the courts.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that access to the courts is a fundamental right that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted). Interpreting *Bounds*, the Supreme Court stated in *Lewis v. Casey*, 518 U.S. 343 (1996), that *Bounds* did not create an "abstract, freestanding right to a law library or legal assistance[.]" *Id.* at 351. Additionally, a law library is only one way for prison officials to provide inmates with access to the courts. *See Bounds*, 430 U.S. at 830-31. Thus, if prison officials afford an inmate counsel, there is no constitutional requirement that they also afford him access to law books. *See id.*; *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("confirm[ing] that the appointment of counsel can be a valid means of satisfying a prisoner's right of access to the courts").

An inmate alleging a denial of access to courts must show "actual injury" as a result of the deficient access to the courts; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *accord Bourdon,* 386 F.3d at 93 (quotation omitted); *Thompson v. United States*, No. 09-CV-0964M, 2010 WL 1910293, *4 (W.D.N.Y. May 7, 2010) (quotation and other citation omitted). The cause of the injury must be the inadequacy of the access. *See Lewis*, 518 U.S. at 350-51. Thus, the mere limitation of access to legal materials, delay in being

able to work on legal matters, and/or delay in serving court documents, without more, does not state a constitutional claim. *See*, *e.g., Gillard v. Burge*, No. 9:03-cv-1537, 2007 WL 1074789, *9 (N.D.N.Y. Apr. 5, 2007) (holding that missed deadline in federal case is not sufficient to demonstrate actual injury); *Warbuton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) (finding that fourteen-day delay in service is not itself sufficient to establish actual injury); *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing cases). Rather, a plaintiff must show that prison officials had frustrated or were impeding a "nonfrivolous legal claim." *Lewis*, 518 U.S. at 353 (footnotes omitted).

In this case, construing Plaintiff's complaint with the utmost liberality and mindful of his status as a *pro se* litigant, the Court finds that Plaintiff has failed to allege facts to explain how the claimed lack of access to the law library at the Onondaga County Jail "prejudiced his ability to seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (footnote omitted); *see also Bourdon*, 386 F.3d at 93 (holding that "[t]o establish a [*Bounds*] violation, 'the inmate . . . must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'" (quoting *Lewis*, 518 U.S. at 351, 116 S. Ct. 2174)). Although Plaintiff states that he has two "open cases," he does not allege any facts that even suggest that he has suffered "actual injury" in either action as a result of the deficient access to the law library.[5] Thus, with respect to the critical inquiry of whether Plaintiff

---

[5] The only information that Plaintiff provides regarding these actions is their case numbers. *See* Dkt. No. 1 at 2. Case "8:09-CR-0385" appears to identify a criminal action pending against Plaintiff in the Northern District of New York. *See United States v. Cisneros-Garcia*, 8:09-CR–385(GTS). Appointed counsel represents Plaintiff in that proceeding. *See id.*, Dkt. No. 19. The court has adjourned the trial pending decision on defendant's recently filed motion to dismiss. *See id.*, Text Order filed August 3, 2010. As to the second action to which

(continued...)

has suffered "actual injury," the complaint contains only the conclusory assertion that "plaintiff has in fact been denied his constitutional right to access to the court." *See* Dkt. No. 1 at 2.

In sum, Plaintiff's conclusory assertions that he was denied access to the courts in violation of his Sixth Amendment rights during his confinement in the Onondaga County Jail are patently insufficient to state a claim upon which relief may be granted against Defendants; and the complaint, as drafted, is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e).

**C.    Opportunity to file an amended complaint**

Should Plaintiff claim that the Court should not dismiss this action, he may file an amended complaint **within thirty (30) days** of the filing date of this Memorandum-Decision and Order. Any amended complaint, **which shall supersede and replace the original complaint in its entirety**, must allege claims of misconduct or wrongdoing against each Defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint that Plaintiff files must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

In this regard, the Court notes that Plaintiff is currently confined in the Cayuga County Jail and that he has advised the Court that he considers the law library at that facility, and also his access thereto, to be constitutionally deficient. *See* Dkt. No. 8 at 1-3. According to Plaintiff, he intends to amend his complaint to name as yet unidentified officials at Cayuga County Jail as

---

[5](...continued)
Plaintiff refers – 09-2406 – that case number does not identify an action pending in the Northern District of New York, nor did a search of the U.S. Party/Case Index locate any such case; and the Court therefore has no information regarding that action. *See* https://pacer.uspci.uscourts.gov.

Defendants in this action and to assert claims against them for the violation of his Sixth Amendment rights. *See id.* at 2–3. The Court advises Plaintiff that any additional claims that he asserts in his amended complaint will be subject to this Court's review pursuant to 28 U.S.C. § 1915(e).[6] The Court also advises Plaintiff that, if he fails to timely submit an amended complaint, the Court will dismiss this action without further order.

**D.     Motion for appointment of counsel**

Courts cannot use a bright-line test in determining whether to appoint counsel on behalf of an indigent party. *See Hendricks v. Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, the court must carefully consider a number of factors in ruling upon such a motion. As the Second Circuit stated in *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986), "the district judge should first determine whether the indigent's position seems likely to be of substance." *Id.* at 61. If the claim satisfies that threshold requirement, the court must then consider

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. at 61-62.

None of these factors are controlling in any particular case. Rather, the court must decide each

---

[6] In the event that the amended complaint names one or more "John Doe" Defendants, Plaintiff must take reasonable steps through discovery to ascertain the names of those Defendants. If Plaintiff fails to ascertain their identities so as to permit the timely amendment of the complaint and service of process on those individuals, the Court will dismiss this action as against them.

case on its own facts. *See id.* at 61.

In this case, the Court has found that the complaint that Plaintiff has submitted does not state a claim upon which relief may be granted. Accordingly, until such time as the Court accepts an amended complaint for filing and service on Defendants, the Court is not able to conclude that Plaintiff's claims appear "likely to be of substance." It further appears to the Court that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions, and the Court is not aware of any special reasons why appointment of counsel **at this time** would be more likely to lead to a just determination of this litigation. Therefore, the Court denies Plaintiff's motion for appointment of counsel without prejudice.

### E.     Motion for appointment of an investigator

Plaintiff asks that this Court "appoint an investigator to proof his allegations to this Court." *See* Dkt. No. 8 at 3. Generally speaking, the discovery of relevant facts and the marshaling of evidence in support of a civil claim is the responsibility of the parties. Discovery in federal cases is conducted in accordance with the Federal Rules of Civil Procedure and, if necessary, subject to judicial oversight. There is no specific statute that authorizes the appointment of a *pro bono* investigator to assist in this process. Moreover, mindful of the fact that counsel generally engages in the discovery process, to the extent Plaintiff is understood to be making a further request for the appointment of *pro bono* counsel, the Court denies the motion for the reasons set forth in section II (D).

**F.     Motion for appointment of a translator**

Plaintiff also requests the appointment of a translator to assist him with "the court proceedings," stating that Spanish is his "primary language." *See* Dkt. No. 12 at 1.  Although the Court has granted Plaintiff *in forma pauperis* status, "[t]here is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions." *Mendoza v. Blodgett,* No. C-89-770-JMH, 1990 WL 263527, *15 (E.D. Wash. Dec. 21, 1990).  Thus, "[g]enerally, *pro se* civil litigants have no entitlement to an interpreter or translator." *Fessehazion v. Hudson Group,* No. 08 Civ. 10665, 2009 WL 2596619, *2 (S.D.N.Y. Aug. 21, 2009) (citations omitted), *reconsideration granted on other grounds,* 2009 WL 2777043 (S.D.N.Y. Aug. 31, 2009).

At this early stage of the proceeding, and based upon a review of the entire record, the Court finds that Plaintiff has sufficient proficiency with the English language to prepare an amended complaint and to pursue his claims in this action in the event that the Court accepts his pleading for filing. *See Velez v. Burge*, No. 08-CV-00806, 2009 WL 3459744, *2 (W.D.N.Y. Oct. 20, 2009) (denying *pro se* plaintiff's request for appointment of an interpreter because the record showed that the plaintiff had sufficient proficiency with the English language to prosecute the claims asserted in the complaint).  In this case, although English may not be Plaintiff's primary language, there is no indication that Plaintiff is unable to prepare court papers and to communicate with the Court.[7]  Accordingly, the Court denies Plaintiff's motion for an interpreter

---

[7] The Court notes that Plaintiff participated in several proceedings in his criminal case without the assistance of an interpreter.  *See United States v. Cisneros-Garcia*, 8:09-CV-0385; Text Minute Entry of Proceedings held January 14, 2010; Text Minute Entry of Proceedings held December 11, 2009.

without prejudice.

### G. Motion for an order staying deportation

Plaintiff has filed a motion styled as an "Emergency Motion to Stay of Deportation." *See* Dkt. No. 11. According to Plaintiff, he "was prejudiced and may be deported by action from the Onondaga and Cajuga [sic] County Jail on denying [him] access to the Courts." *See id.* Plaintiff cites 8 U.S.C. § 1231(a)(1)(B)(ii), a provision governing the detention and removal of aliens ordered removed from the United States. However, Plaintiff has not set forth any facts that even suggest that he is subject to a removal order, nor has he demonstrated any basis for the consideration of such a request in this civil rights action against employees of Onondaga County. Accordingly, the Court denies Plaintiff's motion to stay deportation.

### H. Motions for oral argument and for a trial date

Plaintiff requests that the Court conduct "a hearing on the merits of the complaint" and "grant the plaintiff a trial date." *See* Dkt. Nos. 9, 13. Inasmuch as the Court has found that the complaint that Plaintiff submitted does not state a claim upon which relief may be granted and that this action may proceed only if Plaintiff files an amended complaint that this Court accepts for filing after review in accordance with 28 U.S.C. § 1915(e), the Court denies these motions without prejudice as premature.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. The Clerk of the Court shall provide the Sheriff of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's authorization form and notify that official that Plaintiff has filed this action and is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's office; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint **within thirty (30) days** of the filing date of this Memorandum-Decision and Order as set forth above if he wishes to avoid the dismissal of this action; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of an investigator is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of a translator is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's motion for a stay of deportation is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's motions for a trial date and for oral argument are **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that, upon the filing of an amended complaint, the Clerk of the Court shall return the file to the Court for its review; and the Court further

**ORDERS** that, if Plaintiff does not timely submit an amended complaint to the Court for review, the Clerk of the Court shall enter judgment dismissing this action without prejudice without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:   August 31, 2010
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge