UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMIE CISNEVAS-GARCIA
  a/k/a Cisneros Garcia,
  a/k/a Jaime Cisneros-Garcia,

            Plaintiff,

       v.               9:10-CV-179
                         (FJS/RFT)
ROY SHIPMAN, Case Counselor; L. DOUD,
Counsel Supervisor; JOHN DOE, Educ. Supervisor;
and JOHN DOE, Onondaga County Commissioner,

            Defendants.
_____

APPEARANCES

JAMIE CISNEVAS-GARCIA
  a/k/a Cisneros Garcia,
  a/k/a Jaime Cisneros-Garcia
092-677-311
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  The Clerk of the Court has sent Plaintiff Jamie Cisnevas-Garcia's amended complaint to the Court for its review. Plaintiff filed his amended complaint in accordance with the Court's August 31, 2010 Memorandum-Decision and Order. *See* Dkt. No. 16.

  Plaintiff commenced this action seeking redress for the alleged violation of his right to access the courts. Plaintiff stated that he was "a federal inmate in need for information of federal

law" and claimed that his access to the law library at the Onondaga County Correctional Facility, where he was then confined, was extremely limited. See Dkt. No. 1.[1] In his complaint, Plaintiff named three individuals, whom he identified as employees of Onondaga County, as Defendants and sought injunctive relief and compensatory damages. *See id.* at 4.[2]

Upon review of the complaint in accordance with 28 U.S.C. § 1915(e), the Court determined that the pleading, as drafted, failed to state a claim against Defendants upon which this Court could grant relief pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 16 at 2-6. The Court found that, "[a]lthough Plaintiff state[d] that he had two 'open cases,'[3] [because] he d[id] not allege any facts that even suggest[ed] that he ha[d] suffered 'actual injury' in either action as a result of the deficient access to the law library[,]" the complaint as drafted was not sufficient. In light of his *pro se* status, the Court afforded Plaintiff the opportunity to file an amended complaint. *See id.* at 6-8.

---

[1] Plaintiff is currently confined in the Buffalo Federal Detention Facility. *See* Dkt. No. 20.

[2] Although Plaintiff styled his complaint as an action pursuant to the Federal Tort Claims Act, *see* Dkt. No. 1 at 1, the Court read the complaint liberally in the light most favorable to Plaintiff as a *pro se* litigant and considered whether the allegations of the complaint were sufficient to state a claim pursuant to 42 U.S.C. § 1983 for the alleged violation of Plaintiff's Sixth Amendment right to access the courts.

[3] The only information that Plaintiff provided regarding these actions was their case numbers. *See* Dkt. No. 1 at 2. Case "8:09-CR-0385" identifies a criminal action which was pending against Plaintiff in the Northern District of New York. *See United States v. Cisneros-Garcia*, 8:09-CR–385(GTS). Appointed counsel represented Plaintiff in that proceeding. *See id.* at Dkt. No. 19. Moreover, following a trial on November 1 and 2, 2010, the jury acquitted Plaintiff of the charges against him. *See id*. at Dkt. Nos. 59, 61. As to the second action that Plaintiff referenced – 09-2406 – this case number does not identify an action pending in the Northern District of New York, nor did a search of the U.S. Party/Case Index locate any such case; and the Court, therefore, has no information regarding this action. See https://pacer.uspci.uscourts.gov.

Plaintiff submitted an amended complaint in compliance with the Court's Memorandum-Decision and Order.  *See* Dkt. No. 17.

## II. DISCUSSION

A.  **Sufficiency of the amended complaint**

In his amended complaint, Plaintiff restated his claim that he was denied meaningful access to legal supplies and to the law library at the Onondaga County Correctional Facility and that he was prejudiced in he pursuit of his legal proceedings in the Northern District of New York and in the Court of Appeals for the Fourth Circuit.  *See* Dkt. No. 17 at 2-4.  Plaintiff also claimed that officials at the Cayuga County Correctional Facility, where he was then confined, had abridged his Sixth Amendment rights.  *See id.*

As the Court discussed in its prior Memorandum-Decision and Order, an inmate alleging a denial of access to courts must show "actual injury" as a result of the deficient access to the courts; that is, that he was "hindered [in] his efforts to pursue a legal claim."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *accord Bourdon v. Loughren,* 386 F.3d 88, 93 (2d Cir. 2004) (quotation omitted); *Thompson v. United States*, No. 09-CV-0964M, 2010 WL 1910293, *4 (W.D.N.Y. May 7, 2010) (quotation and other citation omitted).  The cause of the injury must be the inadequacy of the access.  *See Lewis*, 518 U.S. at 350-51.  Thus, the mere limitation of access to legal materials, delay in being able to work on legal matters, and/or delay in serving court documents, without more, does not state a constitutional claim.  *See*, *e.g.*, *Gillard v. Burge*, No. 9:03-cv-1537, 2007 WL 1074789, *9 (N.D.N.Y. Apr. 5, 2007) (holding that a missed deadline in a federal case was not sufficient to demonstrate actual injury (quotation and other citation omitted)); *Warburton v.*

*Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) (holding that fourteen-day delay in service was not itself sufficient to establish actual injury (quotation omitted)); *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing cases). Rather, a plaintiff must show that prison officials had frustrated or impeded a "nonfrivolous legal claim." *Lewis*, 518 U.S. at 353. Since Plaintiff had failed to allege facts in his original complaint to explain how the claimed lack of access to the law library at the Onondaga County Jail prejudiced his right to pursue one or more nonfrivolous legal claims, the Court concluded that his complaint as drafted failed to state a claim upon which this Court may grant relief.

Upon review, the Court finds that the amended complaint does not cure the pleading deficiencies which the Court identified in its prior Memorandum-Decision and Order. With respect to the criminal proceedings against Plaintiff in the Northern District, review of the public docket for that action shows that counsel represented Plaintiff at all times relevant to this action. *See United States v. Cisneros-Garcia*, 8:09-cr-0385 (GTS). Moreover, Plaintiff was tried before a jury, which found him not guilty of the charges against him on November 2, 2010. *See id.* at Dkt. No. 59. Accordingly, there is no basis upon which this Court could conclude that Plaintiff has sufficiently alleged that he suffered "actual injury" from the allegedly inadequate access to legal materials and supplies.

Plaintiff also refers to legal proceedings in the United States Court of Appeals for the Fourth Circuit and alleges in his amended complaint that his case "was in fact denied per 'local Rule 45 and the mandate – issue'." *See* Dkt. No. 17 at 3. Although this assertion is insufficient to establish actual injury, in light of Plaintiff's *pro se* status, the Court has reviewed the public docket for this action to consider whether the Court should grant Plaintiff a further opportunity to

file an amended pleading. In *United States v. Cisneros-Garcia*, 10-6105 (4th Circuit), Plaintiff appealed the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his criminal sentence. *See Cisneros Garcia v. United States*, 3:08CV618-3-V (W.D.N.C.) (Order filed January 4, 2010). The docket reveals that the Fourth Circuit dismissed the appeal on March 15, 2010, for failure to prosecute but reinstated it on April 26, 2010, upon Plaintiff's motion. *See United States v. Cisneros-Garcia*, 10-6105, Dkt. Nos. 7, 11. In light of the reinstatement of the appeal, it does not appear to this Court that Plaintiff suffered an actual injury to a nonfrivolous legal claim during the period of his confinement in the Onondaga County Correctional Facility.

As noted, Plaintiff also asserts claims arising out of his subsequent confinement in Cayuga County Correctional Facility. However, because Plaintiff has not named one or more individual employees or officials at Cayuga County Correctional Facility as Defendants in this action, further consideration of those claims is unwarranted.

In sum, construing Plaintiff's amended complaint with the utmost liberality and mindful of his status as a *pro se* litigant, the Court nevertheless finds that he has failed to state a cognizable claim for the violation of his Sixth Amendment right to access the courts.[4] Accordingly, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e).

---

[4] The Court has also considered whether a subsequently filed request from Plaintiff seeking to name an additional Defendant and to assert a claim of wrongdoing against him, *see* Dkt. No. 19, suggests that the Court should afford Plaintiff the opportunity to file another amended pleading and concludes that it does not. Plaintiff states that this additional Defendant ("Officer James") improperly disposed of some of Plaintiff's legal papers. *See id.* at 2. According to Plaintiff, "the disposal of said copies may have damage my case." *See id.* For all of the reasons set forth herein and in the Court's prior Memorandum-Decision and Order, this allegation is not sufficient to state a claim for the violation of Plaintiff's right to access the courts upon which this Court may grant relief pursuant to 42 U.S.C. § 1983.

**B.     Motion to stay deportation**

Plaintiff has filed a renewed motion styled as an "Emergency Motion to Stay of Deportation." *See* Dkt. No. 21. According to Plaintiff, after the jury found him not guilty on November 2, 2010, he was transferred to the Buffalo Federal Detention Facility where he is awaiting removal from the United States. *See id.* at 1. Plaintiff asks that the Court grant his requested relief "in order for the plaintiff to bring his case to an end." *See id.* As the Court previously advised Plaintiff, he has not demonstrated any basis for the consideration of such a request in this civil rights action against employees of Onondaga County. *See* Dkt. No. 16 at 11. Accordingly, the Court denies Plaintiff's renewed motion to stay deportation.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's request for leave to amend his complaint further is **DENIED**; and the Court further

**ORDERS** that Plaintiff's renewed motion for a stay of deportation is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which this Court may grant relief; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 8, 2010
       Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Court Judge